Dear Director Breedlove,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
Pursuant to 21 O.S. Supp. 1997, § 142.13(G), does theOklahoma Crime Victims Compensation Board have the authority topay for immediate crisis counseling for families of homicidevictims in situations where the crime occurred prior to theeffective date of the statute but the counseling occurred afterthe effective date of the statute?
¶ 1 The Oklahoma Crime Victims Compensation Board ("Victims Board") is a statutorily created body which awards compensation for economic loss arising from criminally injurious conduct. 21O.S. Supp. 1997, § 142.5[21-142.5](A). In 1996, the Legislature amended Section 142.13 of Title 21 by adding the following section:
 The Board may, in its discretion, approve payment of immediate crisis counseling in an amount not to exceed Five Hundred dollars ($500.00) for each family member of a homicide victim, with a maximum of One Thousand Dollars ($1,000.00) per family, provided the counselor is a qualified mental health care provider. Medical and pharmaceutical treatment is not compensable for any family member of a deceased victim.
1996 Okla. Sess. Laws ch. 292, § 3(G) (21 O.S. Supp. 1997, §142.13[21-142.13](G)).
¶ 2 Prior to the passage of 21 O.S. Supp. 1997, § 142.13[21-142.13](G), (effective June 10, 1996) the Victims Board had no specific statutory authority to pay for "immediate crisis counseling" for family members of homicide victims.[1] If both the criminal incident and the "immediate crisis counseling" took place after June 10, 1996, the Victims Board clearly has authority to award compensation for the counseling. The issue presented, however, is whether the Victims Board may award counseling compensation if the criminal incident occurred prior to June 10, 1996, but the "immediate crisis counseling" occurred thereafter.
¶ 3 The amendment authorizing payment of counseling does not refer to the date of the criminal incident.[2] The statute does however, refer to the counseling as "immediate crisis counseling . . . for each family member of a homicide victim." The phrase "immediate crisis counseling" is not defined in the Crime Victims Compensation Act or in the Victims Board rules.
¶ 4 In construing statutes, words are generally given their ordinary meaning:
 Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that the words hereinafter explained are to be understood as thus explained.
25 O.S. 1991, § 1[25-1].
¶ 5 In ordinary, common parlance the word "immediate" is defined as:
 [N]ot secondary or remote . . . occurring, acting, or accomplished without loss of time: made or done at once: instant . . . near or related to the present . . . characterized by contiguity: existing without intervening space or substance. . . .
Webster's Third New International Dictionary 1129 (1993).
¶ 6 Based on the ordinary and common definition of "immediate" therefore, it appears the Legislature intended for the crisis counseling to take place very near the time of the crisis — the homicide. Since "immediate crisis counseling" is not defined in the statute, and the Victims Board has not defined the term through a properly promulgated rule, the Victims Board must look to the ordinary and common definition of "immediate." That ordinary and common meaning indicates that the counseling must take place immediately following, or very near, the crisis, or homicide, giving rise to the need for the crisis counseling.
¶ 7 Therefore, provided (1) the homicide occurred very near the effective date of the amendment (i.e., June 10, 1996) and (2) the "immediate crisis counseling" took place after the effective date of the amendment (i.e., June 10, 1996), the Victims Board may award compensation for such counseling.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
Pursuant to 21 O.S. Supp. 1997, § 142.13(G), the OklahomaCrime Victims Compensation Board has the authority to pay forimmediate crisis counseling for families of homicide victims insituations where the crime occurred prior to the effective dateof the statute (i.e., June 10, 1996) if the counselingoccurred after the effective date of the statute and was nearenough to the time of the crime to be considered "immediate"under the ordinary and common definition of that term.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL
[1] Your question does not ask and this Opinion does not address whether the Victims Board had authority under any other statutory provision to pay for crisis counseling.
[2] 21 O.S. Supp. 1997, § 142.10[21-142.10] requires, with certain exceptions, that a claim for compensation must be filed within one (1) year after the injury or death upon which the claim is based.